## JAMES E. WOODRUFF & Co. v. FRENCH & Co. et al.

Where an attachment has been levied in the hands of the same parties in this State and also in another State, the court is bound to protect the garnishee, who stands before it, with-out *laches* or default, from the danger of being subjected to pay the same debt twice.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. C. M. *Emerson* and H. D. *Ogden*, for appellees. A. K. *Josephs*, for intervenors. *Rozier*, for appellants. The judgment of the court was pronounced by

EUSTIS, C. J. This is an appeal taken by *Small & McGill* from a judgment rendered against them as garnishees, by which they were condemned to pay the balance in their hands to the plaintiffs, in part satisfaction of the judgment in the attachment suit. The judgment rendered against them was *ex parte*, on their answers to interrogatories ; no traverse or exception appears to have been taken to their answers; judgment was taken against them at the time of the rendition of the judgment against the defendants ; no appearance on their part was made at the trial The date, at which the plaintiffs assume the ᶜfunds in the hands of the appellants to have been attached, is the 14th of May, 1849.

In their answers, they state, that they have in their hands a certain fund belonging to the defendants : they further say, that on the 10th day of May, 1849, they were garnisheed in three several suits, instituted in the Court of Common Pleas of St. Louis County, in ʹthe State of Missouri, against the said defendants : one suit instituted by *J. E. Woodruff, M. P. Woodruff* and *Robert M. Henning;* another by *Solon Humphreys* and *George W. Thatcher;* a third by *Henry J. Danah* and *Augustus W. Pomeroy;* all of which will more fully appear by Exhibit " C " hereunto annexed, and made a part hereof ; and which exhibit shows the amount claimed in each suit, and the order in ʹwhich the seizures were made : the said attachments were all served on respondents on the same day—the 10th day of May, 1849. That the firm of *Small & McGill*, of New Orleans, is composed of *Joel Small* and *Theodore L. McGill*, respondents ; that said *Small* resides in St. Louis, in the State of Missouri, and that said *McGill* resides in the city of New Orleans ; that the firm *J. Small & Co.*, of St. Louis, is composed of the same members. That they are advised, and believe, and therefore say, that the aforesaid attachments served in the State of

Missouri, in said suits, have the priority over those served on respondents in this State. That the attachments in the two suits instituted in this court, and those in the State of Missouri as aforesaid, are laid on the same property, rights and credits, and on the same indebtedness, as stated herein, and none other; said attachments, all comprising the same things.

The learned judge, in giving judgment against the garnishees, considered that there was nothing in the testimony before him to enable the court to pass on the Missouri attachments. This we consider as true. The answers of the appellants disclosed nothing but the pendency of the attachments; and the question is, whether by those answers they subjected themselves to an absolute judgment.

Our impression is, that if the plaintiffs were not satisfied with the answers of the appellants, relating to the attachments in Missouri, they ought to have excepted to them, or to have given notice to produce copies of the records; or if any ulterior steps had been taken in those suits, they ought to have exhibited evidence of the fact. We do not consider that the plaintiffs, having made the first attachment in Missouri, as freeing the case from the embarrassment created by the subsequent attachments. For, in the event of the plaintiffs' attachment failing from some defect of form, the other creditors, who have an interest in defeating it, would take its place, and then stand as creditors having attachments prior in time to those instituted in this State. Our courts have, on several occasions, experienced the difficulty of deciding in relation to the rights of parties under attachments levied on the same parties in this and another State at the same time; and they have always thought themselves bound to protect the garnishee who stands before them without *laches* or default. *Robeson* v. *Carpenter*, 7 N. S. 32. *West, Syndic*, v. *McConnell*, 5 L. R. 428. *Frazer* v. *Wilcox*, 4 R. R. 529.

We think, in the present case, provision ought to be made to prevent the garnishees from being subjected to pay the same debt twice, either by directing a stay of proceedings on the judgment against the defendants for a seasonable term, or proper security to be given to the garnishees to indemnify them against loss from the previous attachments. This the district court, having the control of the matters in controversy, will be enabled to do better than we can, as the case is now presented to us. We make no decision as to the conflicting claims of the other attaching creditors, *Humphreys* and *Thatcher*, which, of course, are open for adjudication.

The judgment appealed from is therefore reversed, and the case remanded for further proceedings according to law; the appellees paying the costs of this appeal.